IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| KATHERINE J. McCOY | § | |
| v. | § | CIVIL ACTION NO. 2:09-CV-308 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation ("R&R") recommends that the complaint be dismissed with prejudice. Plaintiff filed written objections to the R&R on March 23, 2011.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct and the objections are without merit. Plaintiff's objections do not directly address the Magistrate Judge's R&R, but again attack the Administrative Law Judge's ("ALJ") decision. Specifically, Plaintiff contends that the ALJ erred in not finding her severe impairments medically equivalent to Listing 1.02 or 1.04. Therefore, she essentially repeats her arguments presented in her opening brief, with somewhat greater detail in reference to the one-time examinations performed by Drs. Toubia and Buono. However, although she recites a number of medical findings with regard to her undeniable spinal impairment, she still does not "convert these findings into actual physical limitations supported by medical source opinions," as the Magistrate Judge stated in his R&R. *See* R&R at 11.

In fact, as the ALJ discussed in his decision, the medical evidence of record reflects that Dr. Toubia observed Plaintiff "to ambulate well without any assistive device." *See* Tr. at 12. Although Dr. Toubia noted she had decreased range of motion in the flexion and extension of her hips, that alone does not state a significant limitation on Plaintiff's ability to perform work-related activities. Further, the ALJ noted that Plaintiff's regular treating physician also observed her to have "only 'mild' left hip pain with range of motion. Gait was normal." *Id.*; *see also* Tr. at 14-15. These findings contradict an equivalency to Listings 1.02 and 1.04.

Plaintiff also relies heavily on Dr. Buono's opinion that she required surgery. However, again, an indication for surgery alone does not eliminate a person's ability to perform work-related activities. Furthermore, as Plaintiff herself testified, she was informed at Texas Rehab that surgery would not necessarily correct her back impairment and that "there wasn't really probably a lot they could do." Tr. at 32. The medical expert who testified at the ALJ's administrative hearing acknowledged this point, and that Plaintiff wanted to have a conservative treatment plan, stating that "there's no guarantee that surgery will help this particular problem." Tr. at 42. In fact, it was Plaintiff's election not to have surgery but to proceed with a conservative approach to her back treatment with medications. Tr. at 32. She therefore undermines her own reliance on Dr. Buono's opinion in her objections.

Additionally, Plaintiff relies on her own testimony of subjective pain in her objections. However, the ALJ found her testimony not credible to the extent it was inconsistent with the ALJ's finding of her residual functional capacity. Tr. at 15. He was entitled to do so, based on the substantial medical evidence of record he cited and the Plaintiff's own election to decline surgery and proceed with conservative case, as discussed above. *Dale v. Chater*, 103 F.3d 127, 1995 WL 731619, at *3 (5th Cir. Dec. 5, 1996) (per curiam) (ALJ properly concluded that conservative treatment with pain medications for degenerative disc disease supported a determination that the

2

claimant's subjective complaints were not fully credible); *see also Prince v. Chater*, 77 F.3d 479, 1996 WL 46826, at *3 (5th Cir. Jan. 16, 1996).

At bottom, Plaintiff essentially argues, as she did in her opening brief, that a finding of a severe impairment should equate to a Listing. However, a determination of impairment by itself "does not prove disability"; instead, "[t]o succeed on a claim for disability benefits, [Plaintiff] must show an impairment so severe as to incapacitate him from performing *any* substantial gainful activity." *Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985) (emphasis in original) (citing *Jones v. Heckler*, 702 F.2d 616, 620 5th Cir. 1983). As the Magistrate Judge observed in his R&R, Plaintiff has not done so here. Therefore, her objections will be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are **OVERRULED**. It is further

**ORDERED** that the complaint is hereby **DISMISSED WITH PREJUDICE**. It is finally

**ORDERED** that any motion not previously ruled on is **DENIED**.

SIGNED this 25th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE